UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS ADMINISTRATIVE DISTRICT COUNCIL OF EASTERN MISSOURI, BRICKLAYERS LOCAL UNION NO. 1 OF MISSOURI, and TILE AND MARBLE SETTERS AND FINISHERS LOCAL UNION #18,<br><br>    Plaintiffs,<br><br>vs.<br><br>MRC TILE & MARBLE, LLC,<br><br>    Defendant. | Case No. 4:19CV3287 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Second Motion for Summary Judgment, filed December 11, 2020. (ECF No. 19). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiffs and Defendant MRC Tile & Marble, LLC entered into a Promissory Note whereby Plaintiffs would lend Defendant $20,000.00. (*See* Plaintiffs' Statement of Uncontroverted Material Facts, ¶ 3, and Promissory Note, att. Exh. 1). The Promissory Note required Defendant to pay Plaintiffs "the principal amount of $20,000, together with interest on the unpaid outstanding principal balance, as per the attached amortization schedule with payment in full by 2/1/21." (Promissory Note, ¶ 1).[1] As relevant here, the Promissory Note provided that

---

[1] Mr. Brian Jennewein, Director of the Bricklayers Administrative District Council of Eastern Missouri, testified that he believed the Union had a copy of the payment schedule. (*See* Jennewein Aff., ECF No. 19-3, ¶ 1; Jennewein Dep., attached to Defendant's Opposition to

1

each of the following would constitute an "Event of Default":

    a)    **Payment Default:**    Borrowers fail to pay any payment when due under this Promissory Note….

    c)    **Union Status:**    Borrowers fail to remain in good standing with TM+T Union No. 18 of Missouri, or fail to remain current in their fringe benefit contribution payments to the I.U. BAC AND TM+T Local No. 18 of Missouri Fringe Benefit Funds.

(*Id.*, ¶ 4). Finally, the Promissory Note provided as follows with respect to Lender's Rights:

    **5.**    **Lender's Rights Upon Default.**

    Lender may declare the entire unpaid principal balance on this Promissory Note and all accrued unpaid interest immediately due and then Borrowers will pay that amount.

(*Id.*, ¶ 5).

Plaintiffs filed their Complaint in this matter on December 18, 2019, seeking enforcement of the Promissory Note. (ECF No. 1). In their Complaint, Plaintiffs allege that Plaintiff Tile and Marble Setters and Finishers Local Union #18 and Defendant are parties to a collective bargaining agreement effective July 1, 2019, through July 1, 2025 ("CBA"), and that Plaintiffs loaned Defendant money pursuant to the above-referenced Promissory Note in order to enable Defendant to make the fringe benefit contribution payments required by the CBA. (*Id.*, ¶¶ 6, 7). Plaintiffs continue to assert as follows:

    8.    The Promissory Note states that a default occurs if Defendant fails to make a payment when due or fails to remain current in fringe benefit contributions.

---

Plaintiffs' Motion for Summary Judgment, at 17:12-18). Mr. Jennewein further testified, however, that he presently was unable to locate the payment schedule, and that he did not know why the payment schedule was not attached to Plaintiffs' Complaint. (*See* Jennewein Dep. at 10:15-22; 17:19-22).

    9. Defendant has materially defaulted on the Promissory Note by failing to make all of the required monthly payments. The balance owed by Defendant is $20,000.00.

(*Id.*, ¶¶ 8, 9).

As noted above, Plaintiffs filed the instant Motion for Summary Judgment on December 11, 2020, claiming there exist no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light

3

most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id*. at 249.

## DISCUSSION

"The elements for breach of promissory note are:  (1) the existence of a valid promissory note signed by the maker; (2) a balance due on the note; and (3) a demand on the maker for payment which has been refused, leaving the maker in default." *U.S. Bank National Ass'n v. Epperson*, No. 5:18CV6173-DGK, 2020 WL 1676364, at *2 (W.D. Mo. Apr. 6, 2020) (internal quotation marks omitted) (citing, *inter alia*, *Bus. Bank of St. Louis v. Appolo Invs., Inc.*, 366 S.W.3d 76, 80 (Mo. App. 2012)). *See also PNC Bank, N.A. v. Gannon Partnership 19, L.P.*, No. 4:11CV692 TCM, 2012 WL 13055949, at *7 (E.D. Mo. Jun. 20, 2012) (same).

In the instant case, it is uncontroverted that Defendant executed the Promissory Note at issue, wherein Plaintiffs loaned Defendant $20,000.00. Mr. Matt Lupo, one of Defendant's owners, confirmed during his deposition that Defendant breached the terms of the Note in at least two ways: first, by failing to make its required fringe benefit contribution payments in a timely manner; and second, by failing to make any payments under the Promissory Note.[2]  (*See* Lupo Dep. at 30:1-16; 34:18-36:8). Mr. Lupo further testified as follows:

> Q (by Plaintiffs' attorney)    Is it MRC's[3] position that it's not in default on the promissory note?
>
> A (by Mr. Lupo)    MRC is in default of the promissory note.
>
> Q    Is it MRC's position that it doesn't have to repay the promissory note for any reason?

---

[2] While the parties disagree as to whether there was a payment schedule attached to the Promissory Note, it is undisputed that payment was to be made in full by February 1, 2021, and that to date, no payment has been made.

[3] Defendant is referred to as "MRC" in the quoted deposition testimony.

> A     Not to my knowledge at this time….
>
> Q     So does MRC have any—any defenses to the lawsuit that the Union filed to collect the money per the promissory note?
>
> A     Not that I—I'm not—not that I'm aware of.

(*See* Lupo Dep. at 37:14-19; 38:3-6). Finally, despite Plaintiffs' demand for payment, Defendant has refused to make any payments on the debt.

In light of the foregoing, the Court finds Plaintiffs are entitled to summary judgment on their breach of promissory note claim. The Court holds Plaintiffs are entitled to the outstanding principal balance of $20,000.00, plus $1,800.00 in accrued interest.[4]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Second Motion for Summary Judgment (ECF No. 19) is **GRANTED**, and Plaintiffs are awarded judgment against Defendant in the amount of $21,800.00. An appropriate Judgment will accompany this Memorandum and Order.

Dated this 12th Day of February, 2021.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] In their motion, Plaintiffs reserved the right to file a supplemental motion for attorneys' fees and costs.

5