UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRICKLAYERS and ALLIED CRAFTWORKERS ADMINISTRATIVE DISTRICT COUNCIL OF EASTERN MISSOURI et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No.4:19CV3287 HEA ) |
| MRC TILE and MARBLE LLC, | ) ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery, [Doc. No. 34]. Defendant opposes the Motion. For the reasons set forth below, the Motion will be granted.

**Facts and Background**

On February 12, 2021, the Court entered judgment in favor of Plaintiffs in the amount of $21,800. The Court ordered Defendant to pay Plaintiffs' attorneys' fees in the amount of $11,490 and costs in the amount of $787.34. Plaintiffs have advised the Court that they have not been able to collect the entire amount due from Defendant.

Plaintiffs served post-judgment interrogatories and requests for production o Defendant on June 14, 2022. Defendant responded to the requests for production but failed to produce any of the requested documents.

Additionally, also in the effort to collect the amount due, Plaintiff served a subpoena to produce documents on ACA Development, LLC. Plaintiff received no response to the subpoena.

Plaintiffs attempted to engage in a good faith attempt to resolve their discovery requests via email. Neither Defendant nor ACA Development, LLC responded to the email.

## **Discussion**

Discovery in aid of the execution of a money judgment is controlled by Federal Rule of Civil Procedure 69, which states, in relevant part, that "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person ... as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). *See also Credit Lyonnais, S.A. v. SGC Intern., Inc.,* 160 F.3d 428, 430 (8th Cir. 1998) (holding that Rule 69 provides a right to conduct discovery after a judgment is entered in a case). Rule 69(a) further allows the "judgment creditor ... freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (citation omitted); *see also* Wright &

Miller, Discovery in Aid of Execution, 12 Fed. Prac. & Proc. Civ. § 3014 (3d ed.) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue ..."). As this Court is located in Missouri, Missouri's rules of civil procedure are also relevant to this issue. Missouri's Rules of Civil Procedure allow post-judgment discovery of "matters ... relevant to the discovery of assets or income subject to ... the satisfaction of judgments." Mo. R. Civ. P. 76.28.

Rule 69(a) applies the normal procedure of conducting discovery to post-judgment discovery requests. Fed. R. Civ. P. 69(a)(2). For instance, responses to written discovery must comply with the requirements of Federal Rules of Civil Procedure 33 and 34, including the time to respond and waiver of objections if not timely raised. *BancorpSouth Bank v. RWM Properties II, LLC*, No. 4:11CV373 JCH, 2012 WL 3939972, at * 1 (E.D. Mo. Sept. 10, 2012) (applying Rules 33 and 34 to post-judgment discovery requests). In addition, Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, inter alia, a party fails to answer an interrogatory or fails to produce documents. Fed. R. Civ. P. 37(a)(3)(B). "[E]vasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

**Requests for Production 4-6, and 11**

Defendant objected to requests for production 4-6, and 11. The requests sought documents reflecting accounts receivable (no. 4), contracts with other entities (no. 5), customer invoices (no. 6), and company assets (no. 11). Defendant refused to produce these records because it has no current accounts receivable, contracts with other entities, customer invoices, or assets. Plaintiffs advise the Court that as part of their alter ego inquiry, plaintiffs seek to know whether ACA Development, LLC has performed work for any of Defendant's prior customers or owns any property formerly owned by Defendant.

Plaintiffs are correct that Defendant's argument that it would be burdensome to produce the requested documents must be supported by affidavits identifying the reasons why the document production is burdensome. *See Moss v. Blue Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 689 (D.Kan. 2007) (overruling "overly broad and unduly burdensome" objection where defendant failed to provide an "affidavit or specific supporting information" to substantiate its objection).

**Interrogatories**

Plaintiffs issued two interrogatories which contained several subparts to Defendant, asking about the operations of Defendant and ACA Development, LLC. Defendant objected, claiming the two interrogatories and subparts were actually 40 interrogatories and as such, exceeded the limitation of 25

4

interrogatories.  More basically than whether the subparts constitute separate interrogatories, Plaintiffs point out that since there are three plaintiffs, the total number of allowed interrogatories on this issue is 75.  Plaintiffs are well within the limits.

The Court finds that Defendants responses to the requests for production are incomplete, thus preventing Plaintiffs from collecting the Judgment. *See SIM Surgical, LLC v. SpineFrontier, LLC,* No. 4:20-CV-01060-JAR, 2023 WL 1100380, at *2 (E.D. Mo. Jan. 30, 2023); *Dinosaur Merchant Bank Limited v. Banservices International, LLC*, Case No. 1:19 CV 84 ACL, 2021 WL 918189, at *15 (E.D. Mo. Mar. 2021)(same).

If Defendant does not have documents which answer the requests, it must say so in its formal answer. Fed. R. Civ. P. 34(b)(2)(B). Defendant must conduct a reasonable search for the materials responsive to the requests, rather than limiting itself only to what is immediately available. *See* Fed. R. Civ. P. 34(b)(2)(B), advisory committee notes on 2015 Amendment (explaining that a party may limit its search only after raising an objection and identifying which documents are withheld "beyond the scope of the search specified in the objection").

## Conclusion

Based upon the foregoing analysis, the Court concludes Plaintiffs' motion to compel is meritorious.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel, [Doc. No 34] is **granted**.  Defendant shall comply with the discovery requests within 20 days from the date of this Opinion.

**IT IS FURTHER ORDERED** that ACA Development, LLC respond to the subpoena within 20 days from the date of this Opinion.

**IT IS FURHTER ORDERED** that Plaintiffs' request for attorneys' fees and costs is denied without prejudice to refiling with appropriate documentation.

Dated this 16th day of March, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE